UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMAINE LOCKHART,

      Plaintiff,

v.                                                        Case No. 23-cv-941-bhl

DEMETRIUS REYNOLDS,

      Defendant.

---

## DECISION AND ORDER

---

Plaintiff Jermaine Lockhart, who is representing himself, is proceeding on Eighth Amendment deliberate indifference and First Amendment retaliation claims based on allegations that Defendant Demetrius Reynolds denied Lockhart his medication on April 23, 2023 and then gave him a conduct report in retaliation for filing an inmate complaint about the incident. Dkt. Nos. 1 & 8. On January 16, 2024, Defendant filed a motion for *partial* summary judgment based on Lockhart's failure to exhaust administrative remedies on his First Amendment retaliation claim. Dkt. No. 19. Lockhart has also filed a motion to compel Defendant to produce video recordings related to one of his other claims. Dkt. No. 38. Because the undisputed facts show that Lockhart did not file an inmate complaint on the retaliation claim after properly exhausting his administrative remedies on the conduct report, the Court will grant the motion for *partial* summary judgment. Additionally, because Defendant has confirmed that the portion of the video records Lockhart seeks were not retained, the recording cannot be produced and Lockhart's motion to compel will be denied.

**UNDISPUTED FACTS**

On April 26, 2023, Correctional Officer (CO) Reynolds issued Lockhart Conduct Report #318886 for disrespect (§DOC 303.29) and disruptive conduct (§DOC 303.33). According to the complaint, Reynolds issued this Conduct Report in "retaliation" for Lockhart filing an Inmate Complaint against CO Reynolds in connection with the denial of medical care on April 23, 2023. Dkt. No. 1. The record confirms that Lockhart filed an Inmate Complaint regarding the alleged retaliation on May 7, 2023. *See* Dkt. Nos. 22-1 & 22-3. In Inmate Complaint #WCI-2023-6953, Lockhart alleged, "I received a CR from Sgt. Reynold claiming I call him a 'nigger.' Stop making false reports against me in retaliation for complaining about his behavior toward me." Dkt. No. 22-3 at 10.

Four days later, on May 11, 2023, the Institution Complaint Examiner (ICE) recommended dismissing Lockhart's Inmate Complaint because it involved the same underlying facts as the April 26, 2023 Conduct Report. *Id*. at 2. Under DOC regulations, the issues raised in the Inmate Complaint would be "considered during summary disposition or by a hearing officer/committee acting as an independent fact-finding body, and its judgment must be accepted." *Id*. The Reviewing Authority (RA) accepted the recommendation and dismissed Lockhart's Inmate Complaint on May 12, 2023. *Id*. at 3.

A few weeks later, on May 19, 2023, Lockhart had his disciplinary hearing on the April 26, 2023 Conduct Report. Dkt. No. 21, ¶4. The Hearing Officer summarized Lockhart's statement as follows: "I'm innocent, this is about my medication he did not give me my medication. I was feeling suicidal. None of that stuff about nigger ever took place." *Id*., ¶5. The Hearing Officer found Lockhart not guilty of the alleged conduct. *Id*., ¶6.

The following day, on May 20, 2023, Lockhart appealed the outcome of his May 7, 2023 Inmate Complaint, alleging:

> "See evidence enclose of record witness testimony. It shows that Sgt. Reynolds wrong me a false conduct report with the intent to cause me hurt, I have suffered emotionally & had to stay in seg. for an extra (11) days due to Sgt. Reynolds false conduct report against me."

Dkt. No. 22-3 at 16. The Corrections Complaint Examiner (CCE) recommended dismissing the appeal on June 12, 2023 because it was premature. *Id*. The CCE explained that Lockhart could not appeal the resolution of his Inmate Complaint, because the issues raised therein were tied up with proceedings concerning his Conduct Report and Lockhart had not completed the exhaustion of those proceedings. *Id*. In order to assist Lockhart in expediting exhaustion of the disciplinary process, the CCE wrote, "I have copied the Warden here so that he may review the allegation and evidence provided by Lockhart on appeal to determine if follow up is desired." *Id*. On July 5, 2023, the Office of the Secretary (OOS) accepted the CCE's recommendation and dismissed Lockhart's appeal from the denial of his Inmate Complaint appeal. *Id*. at 6.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The party asserting that a fact is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

**ANALYSIS**

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood,* 956 F.3d 979, 983 (7th Cir. 2020).

Wisconsin established the Inmate Complaint Review System (ICRS) to review inmate grievances regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment. Wis. Admin. Code §DOC 310.06 (1). A prisoner raising a civil rights claim related to a disciplinary action or Conduct Report may do so only *after* exhausting the disciplinary appeal process related to the Conduct Report under DOC 303. §DOC 310.06(2)(b); *Tonn v. Meisner*, 669 F. App'x 800, 801 (7th Cir. 2016). More specifically, a civil rights "retaliation" claim related to a Conduct Report must be raised as a defense during the disciplinary hearing on the Conduct Report because the Hearing Officer serves as the primary fact-finder in such claims. *See* §DOC 303.81(6)(a), (e); *see also Cannon v. Drost*, No. 23-3095, 2024

4

WL 1478873, at *2 (7th Cir. Apr. 5, 2024) (acknowledging that an inmate must raise his retaliation defense at his due process hearing to properly exhaust administrative remedies on a retaliation claim). Any pending factual disputes after the Hearing Officer's decision must be appealed to the Warden, whose decision is final regarding evidence. §DOC 303.82(4). Once exhaustion under DOC 303 is complete, inmates may file an inmate complaint under DOC 310 with the ICE within 14 days. §DOC 310.07(2). An inmate that is dissatisfied with the ICE's decision must then appeal the decision all the way to the Office of the Secretary (OOS), whose decision is final. §DOC 310.13(1)-(3). Inmates are required to exhaust "all administrative remedies the department has promulgated by rule" before commencing a civil action. §DOC 310.05.

The undisputed evidence shows that Lockhart filed his Inmate Complaint on May 7, 2023, about two weeks *before* the May 19, 2023 disciplinary hearing on his Conduct Report. He then failed to raise the retaliation defense during the disciplinary hearing, even though the ICE who reviewed his Inmate Complaint specifically told him to do so. Having failed to do so, Lockhart failed to exhaust the available administrative procedures for addressing his claim. Because Defendant has shown that Lockhart did not comply with the requirements of DOC 303 & 310, Defendant has met his burden of establishing that Lockhart failed to exhaust his administrative remedies on the First Amendment retaliation claim and Lockhart cannot raise that claim in this lawsuit.

Lockhart's response fails to address the exhaustion issue. *See* Dkt. Nos. 25-26, & 32. Instead, he focuses on the merits of his two claims. *Id*. And he does so notwithstanding the multiple explanations the Court has given him concerning his need to respond to the exhaustion issue. Dkt. Nos. 24, 29, & 37. He also received two opportunities to supplement his response materials. Dkt. Nos. 29 & 37. The law is clear that this Court has no discretion to make a merits-

based exception to exhaustion. *See Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). Therefore, the Court will grant Defendant's motion for *partial* summary judgment on exhaustion grounds and will dismiss the First Amendment retaliation claim without prejudice.

On March 18, 2024, Lockhart filed a motion to compel requesting videotape footage of his hallway from 6:28 a.m. to 9:15 a.m. on April 21, 2023. Dkt. No. 38. Based on docket filings, it appears that the DOC retained videotape footage of the denial of medication incident itself, along with several minutes before and after the incident (the time period between 6:34 a.m. and 6:45 a.m. when morning medication pass occurred), but it did not retain videotape footage of the three-hour period *after* the incident. Dkt. No. 38-1 at 1. The DOC retained only the relevant portion of the videotape footage, and discarded the rest of the recording. Because Defendant cannot produce materials in discovery that no longer exist, the Court will deny Lockhart's motion to compel.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for partial summary judgment on exhaustion grounds (Dkt. No. 19) is **GRANTED**; and the First Amendment retaliation claim is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Lockhart's motion to compel (Dkt. No. 38) is **DENIED**.

Dated at Milwaukee, Wisconsin on May 8, 2024.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge